SCHARBROUGH *v.* STATE OF INDIANA.

[No. 30,882. Filed January 4, 1968.]

*George P. Dickmann,* and *Dickmann & Dickmann,* of Greenfield, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was tried jointly with Jerry Wayne Garrison before a jury. Count One charged the appellant with first degree murder and Count Two with murder in the perpetration of a robbery. The appellant was found guilty of murder in the second degree and sentenced to life imprisonment.

The sole assignment of errors is the overruling of the motion for a new trial and specifically the contention therein that the appellant was misled in failing to make a proper defense by reason of the promises and representations of the State of Indiana through the prosecuting attorney. This specification was supported by an affidavit made a part of the motion for a new trial, which read as follows:

"EXHIBIT A"

STATE OF INDIANA ⎱ SS:
COUNTY OF HANCOCK ⎰

*AFFIDAVIT IN SUPPORT IF MOTION FOR NEW
TRIAL BY CHESTER R. SCHARBROUGH*

Waldo C. Ging being first duly sworn upon his oath says that:

## 1.

He has been a practicing attorney in Hancock County, Indiana and surrounding counties for about 45 years and during such time has continuously maintained an office in the City of Greenfield, Indiana.

## 2.

Affiant further says that the above entitled cause involved an indictment against said Chester R. Scharbrough and another, Jerry Wayne Garrison, returned by a Marion County, Indiana Grand Jury charging each with the offense of First Degree Murder. That said action was venued to Hancock County, Indiana from said Marion County, Indiana.

## 3.

That shortly after said cause was docketed in Hancock County, Indiana, the Honorable George B. Davis, Judge of said Hancock Circuit Court, appointed affiant to appear for and represent said defendant, Chester R. Scharbrough, said appointment being made on October 19, 1964.

## 4.

That affiant accepted said appointment and from said last mentioned date to the present time has acted as attorney for said defendant, Chester R. Scharbrough.

## 5.

That while acting as attorney for said defendant, Chester R. Scharbrough, affiant frequently talked to the police officers and Marion County deputy prosecuting attorney in charge of said prosecution and learned from them that said defendant, Scharbrough, greatly assisted them in getting the facts regarding the killing alleged in said indictment and had given said police investigation officers an oral and written statement of the facts as he understood them to be, and that by reason thereof said officers felt kindly toward said defendant, Scharbrough, and felt that he should be given an opportunity to enter a plea of guilty to the included offense of manslaughter.

## 6.

That the trial of said defendant began in the Hancock Circuit Court on April 30, 1965. Before the commence-

ment of said trial it was agreed and understood by this affiant and his said client that at a time, *to be determined by the state's attorneys,* said defendant, Scharbrough, was to be permitted to plead guilty to the offense of manslaughter.

## 7.

That it was further understood and agreed that neither this affiant nor his said client should do anything during the trial of said cause which would make the task of the prosecuting attorney more difficult in their effort to convict the other defendant, Garrison, who was alleged to have fired the fatal shots.

## 8.

That affiant was reassured by the state's attorneys, many, many times during the lengthy trial, that at the proper time and when it would do the state's case against Garrison, the least harm and damage, defendant, Scharbrough, would be allowed to enter his plea of guilty to manslaughter.

## 9.

That affiant relied upon the many promises so made by the state and took very little part in the trial and in the cross examination of witnesses or in the effort to keep testimony from the jury, but sat complacently with his client, waiting for the *proper time* to have him enter his plea.

## 10.

That many times each day of the trial, this Affiant assured his client that his guilt or innocence would not be determined by the jury, but that everything was settled providing neither affiant nor his client made conviction of defendant, Garrison, more difficult.

## 11.

That it was further understood and agreed that the defendant, Scharbrough, would testify in the trial, if in the opinion of the attorney for the state, his testimony was needed to present an impregnable case against said Garrison. That affiant's said client at all times, was present and willing to testify as a witness, according to the afore-

said understanding and agreement as hereinabove set out, but the attorneys for the state did not at anytime request that he be used as a witness.

## 12.

That at not time during said trial did the State of Indiana indicate to affiant that the proper time had arrived for defendant, Scharbrough, to withdraw his plea of not guilty and to enter his plea of guilty to the included offense of manslaughter in Count 1 of the Indictment.

## 13.

That at the conclusion of all the evidence in the case, affiant on behalf if his client, Scharbrough, orally moved the Court for permission to withdraw his plea of not guilty to the first count of the indictment and asked permission of the Court to enter a plea of guilty to the included offense of manslaughter with the understanding that the State of Indiana would dismiss Count 2 of said indictment. This motion the Court overruled.

## 14.

The cause was then submitted to the jury after argument and instructions of the Court and on the said day a verdict was returned finding each defendant guilty of murder in the second degree.

## 15.

That because of the understanding this affiant had with the attorneys for the state and to carry into effect said understanding, affiant, in his argument to the jury *was obliged to and did request that the jury find defendant, Scharbrough guilty of manslaughter.*

That this affiant, in his years as a practicing attorney, has defended, in jury trials, dozens of persons charged with violation of the criminal law of Indiana, and this is the first time affiant did not ask an acquittal for his client, but to carry out what affiant felt was a binding agreement, had no alternative but to ask for a manslaughter verdict for his client.

## 16.

Affiant says that he relied upon the substance of the many conferences had with the representatives of the State

of Indiana and their assurances and promises and after discovery of the fact that they were not to be carried out, it was then too late to do anything to protect the welfare of his client and your affiant does not believe that ordinary prudence could have protected his client's interest.

### 17.

That defendant, Scharbrough, had no legal training and relied absolutely upon the assurances many times expressed to him by affiant that his interests were being first considered by affiant.

### 18.

That under all the facts and circumstances herein briefly set forth, affiant can truthfully say that he was greatly surprised and *mislead* and could not and did not make a full defense upon the trial. That both this affiant and his said client were lulled into a sense of false security and did very little of a beneficial nature during the trial of this cause, as they at all times were imbued with the idea that everything had been done which needed to be done.

### 19.

That this affiant submits that his client is a victim of an injustice resulting by reason of the aforesaid surprise and that in view of all the facts, this Court should grant defendant, Scharbrough, a new trial.

/s/   Waldo C. Ging
Waldo C. Ging

Subscribed and sworn to before me this 28th day of May, 1965.

/s/   Mary G. Gorman
Mary G. Gorman, Notary Public

My Commission Expires
August 18, 1968."


The appellant takes the position that the State, by and through its prosecuting attorney pursuant to an agreement made, had the duty to inform the court of such arrangement when the appellant, at the conclusion of the jury trial, asked leave to withdraw his plea of not guilty and plead guilty to

manslaughter. The prosecuting attorney failed to do this and failed to ask the court to dismiss the murder charge. The State, on the other hand, contends that the court alone has the discretion and judgment to permit the dismissal of a pending prosecution, and cites the following statute:

> "No criminal cause shall be dismissed except by order of the court on motion of the prosecuting attorney; and such motion must be in writing, and the reasons therefor must be stated in such motion and read in open court before such order is made; and the mere number of prosecutions against the same person shall not be a reason for dismissing any of such causes." Acts 1905, ch. 169, § 114, p. 584, being Burns' Ind. Stat. Anno. § 9-910 (1956 Repl.).

It will be noted, however, that the prosecuting attorney has a duty in the first place to make the motion to dismiss.

There is a strange silence on the part of the prosecuting attorney in this case with reference to the affidavit supporting the motion for a new trial made by a reputable attorney, who was the appellant's attorney in the cause, squarely and unequivocally alleging the agreement and understanding. The agreement and understanding set forth in the supporting affidavit are not denied or avoided by any counter-affidavit whatsoever. Rule 1-15 of this Court provides specifically that affidavits filed in support of a motion for a new trial are to be considered as evidence "without the introduction thereof on the hearing on the motion and shall be part of the record without a bill of exceptions." This rule also provides that an opposing party shall have twenty days within which "to file counter-affidavits" and a provision is made for filing reply affidavits. This Court is at a loss to understand why no counter-affidavit was filed as to what is set out in the supporting affidavit to the motion for a new trial, it if was not the truth. We are bound under our rules to accept the affidavit as the truth, since it is uncontradicted. The only question here is whether or not, accepting the facts alleged therein as the truth, was the appellant misled thereby and as

a result did he fail to receive a fair trial? The affidavit states that the appellant's attorney and the appellant, relying upon such promise and representations by the State, failed to make an active defense by cross-examination and calling material witnesses on behalf of appellant during the trial. This, in itself being undenied, results in an unfair trial.

In *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444 an affidavit was filed after the appellant was sentenced, asking to withdraw the plea of guilty, which affidavit stated that the prosecuting attorney promised to recommend a suspended sentence and the appellant was misled into pleading guilty. In that case, we point out, a counter-affidavit by the prosecuting attorney was filed by the State, denying the material allegations, and the court refused to set aside the sentence and judgment entered.

The State relies upon the following statement by the court in the above case in 197 Ind. at p. 342:

"Had it been undisputed that appellant had been misled to the extent contended by her counsel in his affidavit, i.e., that the prosecuting attorney and the federal prohibition agent and sheriff had agreed to use their influence upon the court to suspend the sentence of imprisonment, and such statements accepted as the truth, the court would have been in no way bound thereby."

It is, of course, the law as stated above that a trial court does not have to accept the recommendation of the prosecuting attorney to withdraw a plea or suspended sentence, but the trial court is entitled to hear the recommendations as part of the facts upon which it may exercise its discretion. This is particularly true where the prosecuting attorney has consulted with the defendant or his attorneys with reference to such matters. In the case cited above the court had before it all the facts with reference to the alleged representation to the court by reason of the affidavits and counter-affidavits filed, and the court found the defendant was not misled.

In the case before us the facts are undisputed. The prosecuting attorney did have a duty to make a recommendation to the trial court. Although the trial court was not obligated to follow such recommendation, it was entitled to know the facts so that it could properly use its discretion.

Under the undisputed facts, it was the duty of the prosecuting attorney to ask to dismiss the greater charge of murder standing against the appellant.

In *State* v. *Morrison* (1905), 165 Ind. 461, 75 N. E. 968, over the objection of the prosecuting attorney, the court accepted a plea of guilty to manslaughter in a case where the defendant was charged with murder in the first degree. This Court held that the trial court committed error in thus disposing of a charge of murder in the first degree without the prosecuting attorney's request that it be dismissed. We thus find that the prosecuting attorney has within his power to maintain and prosecute a charge against a defendant, even over the attempt of the trial court on its own motion to dismiss such an offense. Such being the state of the law, the prosecuting attorney had a duty here which he failed to perform.

For the reasons stated, the evidence and record before us is undisputed that the appellant did not receive a fair trial and was misled. If counter-affidavits in good faith could have been filed and had been filed in this case, it would have left some discretion for the trial court, and the results herein might have been different. *State* v. *Ashby* (1964), 43 N. J. 273, 204 A. 2d 1; See: *Enforceability of Nolle Prosequi Agreement between Accused and Prosecutor*, John T. Mulvihill (1964), 39 Notre Dame Lawyer 727; *Law Enforcement*, Thurman W. Arnold (1932), 42 Yale Law Journal 1.

The judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Lewis, C. J. and Mote, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 232 N. E. 2d 592.