CHARLES PERKINS *v.* STATE OF INDIANA.

[No. 969S210. Filed March 4, 1971. Rehearing denied March 31, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment with the crime of robbery. Trial by court resulted in a finding of guilty upon which appellant was sentenced to the Indiana Reformatory for a period of not less than ten nor more than twenty-five years.

The record discloses the following facts:

On July 25, 1968, at approximately 11:00 P.M. Cora Parrish, an employee at Walt's Supermarket located at 8702 East Washington Street, Indianapolis, observed the appellant and a companion enter the market. She recognized the appellant as one who had held up the store three weeks previously. One of the men came over and stood behind Mrs. Parrish, while the other went to the office and ordered the manager, Herbert Gandy, to open the safe. Mrs. Parrish identified the appellant in open court as the person she saw point a gun at Mr. Gandy and order him to give him the money which was in the safe. The men also required Mrs. Parrish to remove money from the cash register and place it in paper sacks. This money was also taken in the robbery. Mr. Gandy testified that he obeyed the order of the man who robbed him not to turn around and look at him. He stated that he did not see the robber and therefore could make no identification.

Appellant first claims there was not sufficient evidence to sustain the finding of the trial court for the reason that only one witness could attempt to identify the defendant as being one of those committing the robbery and further that her testimony revealed she was confused between this robbery and

previous robberies. The fact that other witnesses were unable to identify the appellant does not mean that Mrs. Parrish's testimony should have been disregarded by the trial court. Mrs. Parrish was very positive in her identification stating that she first recognized the appellant as having previously robbed the store and second, she got a very good look at the appellant during the time he was holding Mr. Gandy at gun point. She saw him receive money from the safe and then accept money which Mrs. Parrish removed from her cash drawer and placed in a paper sack. We, therefore, hold there was ample evidence upon which the court could find that appellant was one of the persons participating in the robbery. We have repeatedly held that we will not weigh the evidence in such a situation. *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493, 18 Ind. Dec. 189.

We see no merit in appellant's contention that Mrs. Parrish was confused concerning other robberies. She did state it was hard for her to remember specific facts which occurred during these various robberies and to differentiate them. However, her confusion in no way went to her identification of the appellant. Here again it is within the province of the trier of fact to weigh the testimony given by witnesses. We cannot say that there is anything in Mrs. Parrish's testimony which would make her identification of the appellant unbelievable as a matter of law.

Appellant also alleges that he was denied a fair trial in that he had been assured by the Marion County Sheriff's Department that if he would dismiss an appeal which he then had pending in the Supreme Court of Indiana the instant charge and any other charges against him would be dismissed. This question was presented in appellant's motion for new trial and various affidavits made by appellant's attorneys were filed in support of the allegation. There is nothing in the affidavits to indicate that the trial court was a party to or knew anything about the representations allegedly made by the Sheriff's Department. Deputy Prose-

cuting Attorney David B. Hughes filed a counter affidavit stating that the prosecutor's office was totally unaware of the dismissal of the appeal prior to prosecution of the appellant in the case at bar. Mr. Hughes further stated in his affidavit that he had personally informed James G. Nedeff, an attorney for the appellant, prior to the trial of the case at bar that the prosecutor's office would show no consideration to the appellant unless he would testify against his co-defendant, William Cherry. Mr. Hughes further stated that the appellant refused to testify against his co-defendant. These conflicting affidavits were submitted to the trial court on the motion for new trial. The issues raised thereby were determined against the appellant. To support his position on this issue the appellant relies on *Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N. E. 2d 592, 12 Ind. Dec. 379, and argues that had the trial court been aware of the situation it would not have entered judgment as it did against the appellant. However, we see a great difference between the case at bar and *Scharbrough*. In *Scharbrough* the prosecuting attorney made representations to the defendant that he would be permitted to plead guilty to the offense of manslaughter, although he was charged with first degree murder and murder in the perpetration of a robbery. This representation was made in exchange for the defendant's promise to testify against his co-defendant, if needed. As it turned out he was not used as a witness against his co-defendant. Defendant's counsel also made an affidavit in which he stated that he agreed to do nothing in the trial which would make the task of the prosecution more difficult as to the other defendants; that he merely sat quietly by waiting the proper time to enter his plea of guilty to manslaughter and repeatedly assured his client that everything was settled, and that because of the representations he did nothing to protect the welfare of his client. These facts as stated by Scharbrough's attorney were not controverted by the state and therefore were accepted as true. In the case at bar there is the bare allegation that police officers made promises to the appellant. There is no statement by appellant

or his attorneys that any reliance was placed upon this representation to the extent that his defense was impaired in any way in the case at bar. In the case at bar the deputy prosecuting attorney filed his affidavit in response to affidavits filed by the appellant as above set out. There is ample evidence before the trial court by these affidavits that the prosecuting attorney had in fact made an offer of some sort to the appellant if he would testify against a co-defendant, which he refused to do. We see no evidence in this record that appellant cooperated with the prosecuting attorney. Therefore, we see no responsibility on the part of the prosecuting attorney to dismiss or reduce the charges pending against the appellant. Nor do we see any evidence that appellant's defense was jeopardized in any way by reliance upon promises by law enforcement officers.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 74.