PAUL E. FINGER *v.* STATE OF INDIANA.

[No. 771S196. Filed March 7, 1973. Rehearing denied June 22, 1973.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Paul H. Frazier,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in 1968 of uttering a forged check under Acts of 1905, ch. 169, § 676, 1956 Repl. Burns Ind. Stat. Ann. § 10-2102, IC 1971, 35-1-124-1. He was sentenced to imprisonment for not less than two nor more than fourteen years. His appeal to this Court is taken from an adverse ruling upon a belated motion to correct errors and presents two issues:

(1) Insufficiency of the evidence.
(2) Violation of his Sixth Amendment right to effective counsel at his trial.

Neither issue has merit.

(1) The evidence, viewed most favorably to the State, discloses that the defendant presented a payroll check to the manager of the 7-11 Market in Indianapolis and asked that it be cashed. The check was purportedly drawn by the J. J. Hoffman Co. and payable to the order of Alex Williams. Upon request for identification, Defendant gave the manager a photo copy of the record of birth of one Mary Alice Williams, which record named Alex Williams as her father. When the manager indicated his reluctance to cash the check and advised the defendant that it was not even his check, the defendant replied that he had taken it as payment for a television set which he had sold. The manager being suspicious, telephoned both the bank and the Hoffman Company and learned that the check was one in a series of printed check forms previously stolen from the Hoffman Company and that the blanks had been filled in and the signature added by forgery. He so advised the defendant, who insisted that he had taken it in payment for the television set. Unknown to the defendant, the manager also summoned the police by an

alarm system. Testimony from representatives of the Hoffman Company and the bank established that the check had been stolen, was not signed by an authorized person and that neither the defendant nor Alex Williams were employees or otherwise creditors of the Hoffman Company. The defendant remained in the store for a period of approximately five minutes while the foregoing transpired. He was aware of the manager's telephone calls to the bank and to the Hoffman Company, and although he was aware of their charges of theft and forgery, with respect to the check, he made no attempt to leave. When two police officers arrived in response to the manager's call, however, he and a companion attempted to exit as the first officer entered, but they were grabbed and detained by the second officer, who was entering the premises behind the first.

We hold that the foregoing was sufficient evidence of the defendant's "intent to defraud," an essential element of the offense charged. The recent case of *McAfee* v. *State* (1973), 259 Ind. 687, 291 N. E. 2d 554, is but one in a long line of cases holding that the requisite guilty knowledge and intent may be inferred from circumstantial evidence. The irregularity of the presentment of the check drawn to the order of another person but not endorsed by him with evidence of the identity of such other person, rather than of the presenter, coupled with an unlikely story of having accepted the check from a stranger as payment for property of substantial value clearly support an inference of guilty knowledge and intent. We, on appeal, examine such evidence not to determine its adequacy to overcome every reasonable hypothesis of innocence but to determine whether an inference may be reasonably drawn therefrom tending to support the finding of the trier of the facts. *McAfee* v. *State, supra.* The attempted flight, heretofore held to be competent evidence of the consciousness of guilt, *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489, *Walker* v. *State* (1968),

250 Ind. 649, 238 N. E. 2d 466, *Meredith* v. *State* (1966), 247 Ind. 233, 214 N. E. 2d 385, reenforces the inference.

(2) With his motion to correct errors, and in support of his contention that he was not provided with effective defense counsel, Defendant filed an affidavit which, in pertinent parts, is as follows:

## "AFFIDAVIT

I, Paul E. Finger, do swear and depose, under oath, that:

1. To the best of my knowledge my trial counsel, Mr. Fred L. Steinhauer, made no effort or attempt to interview or subpoena witnesses, known to him, who would have testified in my behalf, particularly one Alex Williams, who gave me the check allegedly forged and altered, together with the identification.

2. In the course of preparation and trial, Mr. Steinhauer interviewed me on only two (2) occasions, for a total time of fifteen (15) minutes. Both of these interviews took place in the lockup area of the courtroom.

3. After sentencing upon this conviction, Mr. Steinhauer refused to take any further action on my behalf.

4. It is my opinion that Mr. Steinhauer's lack of preparation and ineffective assistance in my case was due primarily to his poor health."

The State filed no counter-affidavit in response to the defendant's affidavit, and it is Defendant's contention that the court was therefore bound to accept his affidavit as true, citing *Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N. E. 2d 592. We did not in that case, however, indicate, as is reflected by the head note, that we were bound, in all circumstances, to accept the truth of affidavits filed in support of such motions but only that we were so bound in that case. Counsel for Defendant, we are sure, will acknowledge certain distinguishing features between the *Scharbrough* case and the one at bar. In the *Scharbrough* case, the allegations of the affidavit were factual, they concerned matters that were within the knowledge of the State and therefore susceptible to contradiction, if not true. The allegations of

the defendant's affidavit herein are largely conclusive and opinionative. They relate not to matters of which the State could have any knowledge but rather to matters concerning which it could have no knowledge; and, conveniently, the only person who could counter, i.e., the lawyer whose effectiveness is being challenged, is dead. Although defense counsel presented no witness other than the defendant, there is nothing, other than the defendant's affidavit, that suggests that Defendant was inadequately represented; and opinions and conclusions, although in affidavit form, have no weight as evidence. This is particularly true under the circumstances of this case.

Judgment of the trial court is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBRULER, J.—I dissent from the majority opinion on the grounds that the State has failed to adequately prove all the necessary elements of the crime involved.

The statute and affidavit here requires three elements for the offense of uttering a forged check with intent to defraud: (1) uttering a forged instrument (2) with intent to defraud (3) knowing the same to be false. The evidence presented at trial through the president of Hoffman Corporation and the vice-president of Peoples' Bank and Trust Company clearly established that the check appellant sought to cash on the day of the incident was forged. There is no evidence, however, which would allow us to draw the inference that the appellant knew the instrument was forged or that he intended to defraud the 7-11 market.

Testimony at trial indicated that appellant presented the check to the manager and, when asked for identification, presented a birth certificate with the name Alex Williams on it. The appellant testified that he told the manager that it was not his check when he presented it to him and the manager

supported this in his own testimony. After the presentment of the check, the birth certificate and the admission by appellant that he was not the named payee the manager understandably expressed reluctance to cash the check. Appellant then told the manager the story of the television sale, which clearly establishes appellant's unfamiliarity with negotiable instruments. It cannot, however, be construed as further evidence of appellant's attempt to defraud since even if believed it would not alter the negotiability of the check in relation to the manager or appellant's rights in relation to the instrument.

Appellant waited in the store for approximately five minutes while the manager telephoned the Hoffman Company and a bank where Hoffman kept its account. During this telephoning the manager told appellant that the check had been stolen from Hoffman but appellant still did not leave or attempt to flee from the premises.

There is a total absence of the elements of intent to defraud and knowledge of the forged nature of the instrument in this evidence. Appellant neither endorsed the instrument nor attempted to present himself as the named payee. There was no misrepresentation as to his identity. On the contrary the testimony is uncontradicted that appellant freely and openly revealed his standing in relation to the instrument.

I also have some doubt as to the construction of appellant's actions at the arrival of the police as "flight." The only evidence in the record concerning appellant's attempting to leave the scene was the testimony of officer Gargol who stated that his partner collared appellant as appellant was "going out" the door of the store. I do not think this necessarily can be construed as flight, nor do I believe that even if flight were present we could use it to supplant the substantial and probative evidence which is required on each element of the crime charged before a conviction can be sustained.

NOTE.—Reported in 293 N. E. 2d 25.