# FOR PUBLICATION



FILED
May 28 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.H., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1309-JV-450 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1302-JD-383

**May 28, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Appellant-respondent A.H. asks this Court to vacate the juvenile court's restitution order, which required her to provide restitution to the probation department for the electronic monitoring bracelet she cut off and left at a park. More particularly, A.H. argues that the trial court erred when it ordered restitution that was not part of the admission agreement and failed to inquire into her ability to pay. However, the juvenile court ordered A.H. to perform 100 hours of community service in lieu of monetary payment. Further, A.H. contends that the State failed to present sufficient evidence of the actual amount of loss incurred to support the restitution order.

We find that the juvenile court did not err in ordering restitution as the admission agreement left disposition open to the juvenile court. Moreover, we conclude that it did not fail to inquire into A.H.'s ability to pay when her financial information was before the juvenile court, and it did not require monetary restitution. Further, we find that there was sufficient evidence to demonstrate the actual loss to the probation department for the electronic monitoring bracelet. Therefore, we affirm the judgment of the juvenile court.

## FACTS

On February 19, 2013, the State submitted a delinquency petition that alleged A.H. had committed what would have been class B felony burglary and class D felony theft had she been an adult. On February 22, 2013, the juvenile court issued an order to file the delinquency petition and held the initial hearing. A.H. was released to her mother on electronic monitoring. A.H. signed an electronic monitoring agreement that stated A.H.

was responsible for any damage to the monitoring device, which had a replacement cost of $575.

On April 4, 2013, the parties tendered an admission agreement to the court, which stated that A.H. would admit to the theft count in exchange for the dismissal of the burglary count. On April 18, 2013, the juvenile court held a dispositional hearing and imposed a suspended commitment to the Indiana Department of Correction.

On June 5, 2013, the juvenile probation department filed a petition to modify the dispositional decree. The petition alleged that A.H. had violated her probation by running away from home. On June 17, 2013, a pre-trial hearing was held and A.H. submitted an admission agreement admitting to the allegations in the modification petition. A.H., with her mother's permission, had gone to Anderson to visit with her older sister but instead stayed elsewhere for a week. The juvenile court ordered A.H's suspended commitment continued and placed A.H. on electronic monitoring. A.H. signed an agreement that stated:

> You are responsible for your electronic monitoring equipment and must pay for any damage that is caused by tampering with or trying to remove the equipment. If the equipment is not returned in good working order, you will be required to pay for the cost of replacing it. If the equipment is lost, you will also be required to pay the replacement costs. Depending on the type of equipment you are on, the replacement costs are:
> a. HG 206 unit: $1,620, Transmitter: $575

Appellant's App. p. 124.

On July 8, 2013, the juvenile probation department filed another petition to modify the dispositional decree, alleging that A.H. had run away from home again in violation of

3

her probation. A pre-trial hearing was held on August 8, 2013, and A.H. again submitted an admission agreement. She admitted to running away from home and to cutting off the electronic monitoring device and leaving it in a park.

On August 15, 2013, the juvenile court held a dispositional hearing, at which it continued A.H's suspended commitment and ordered her to pay $575 in restitution for the electronic monitoring device by way of performing community service. The juvenile court brought up the issue of restitution, noting that probation had recommended restitution in its report. The amount of $575 was decided upon when a probation officer told the juvenile court that it was the amount specified in the electronic monitoring agreement signed by A.H. A.H. objected to the restitution, arguing that it was not in the admission agreement. The court noted the objection, but ordered A.H. to pay the $575 in restitution through community service.

A.H. now appeals.

## DISCUSSION AND DECISION

### I. Restitution

### A. Admission Agreement and Restitution

A.H. argues that the juvenile court improperly imposed restitution when it was not specifically mentioned in her admission agreement. She contends that the juvenile court could not impose additional penalties not included in the agreement.

An order of restitution is a matter within the juvenile court's discretion, and this Court will reverse only upon a showing of an abuse of that discretion. J.H v. State, 950

N.E.2d 731, 734 (Ind. Ct. App. 2011). An abuse of discretion occurs when the juvenile court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A.H. is correct that, when a juvenile enters into a plea agreement in a juvenile proceeding, the juvenile court is bound by the terms of the agreement. In re J.A.W., 504 N.E.2d 334 (Ind. Ct. App. 1987). However, as the State notes in its brief, when, in a criminal case, the plea agreement does not include restitution but the sentence is left open, the trial court is free to award restitution as part of the sentence. Morris v. State, 2 N.E.3d 7 (Ind. Ct. App. 2013). We agree with the State's argument that the same rule should apply in juvenile cases.

Here, there was an admission agreement. Appellant's App. p. 113. That agreement left the disposition of the case open to the juvenile court. Id. A.H. agreed that the disposition would be determined by open argument. Therefore, even though no restitution was mentioned in the admissions agreement, the juvenile court could properly order restitution because the disposition was left open; it did not abuse its discretion in doing so.

## B. Ability to Pay

A.H. also contends that the juvenile court abused its discretion when it failed to make an inquiry into her ability to pay restitution.

5

When a juvenile court orders restitution as part of a juvenile's probation, it must inquire into the juvenile's ability to pay the restitution. P.J. v. State, 955 N.E.2d 234. This is because equal protection and fundamental fairness concerns require that a juvenile court must inquire into a juvenile's ability to pay before the court can order restitution as a condition of probation. M.L. v. State, 838 N.E.2d 525, 529 (Ind. Ct. App. 2005).

In J.H. v. State, a panel of the Court vacated a restitution agreement when the juvenile court failed to make an inquiry into J.H.'s ability to pay. 930 N.E.2d at 735. The juvenile court ordered J.H. to pay restitution for a broken door in the amount of $1,117.65. Id. at 734. While the juvenile court inquired about J.H.'s mother's ability to pay, it did not make an adequate inquiry into J.H.'s ability to pay. Id. at 734. The J.H. court held that it was the juvenile's ability to pay that was relevant. Id.

Here, the juvenile court did not make a direct inquiry into A.H.'s ability to pay. Tr. p. 65. However, unlike J.H., A.H. was not required to make monetary restitution. Id. at 66. During the dispositional hearing, A.H.'s mother stated "[s]he's the one that cut this off and threw it, I think she needs to do some community service to pay for it." Id. at 65. The trial court then determined that it would "follow mom's lead," and ordered A.H. to pay restitution by means of community service. Id. at 66. Therefore, A.H. is not required to pay any monetary restitution, and her ability to pay is not relevant to restitution imposed as community service.

6

### III. Lack of Evidence to Show Amount of Loss

A.H. argues that the juvenile court failed to hold the State to its burden to establish the actual amount of loss that occurred when A.H. cut off her electronic monitoring device.

A juvenile court may order a child to pay restitution if the victim provides reasonable evidence of the victim's loss, and the child may challenge the amount of loss at the dispositional hearing. J.H. v. State, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011). The adult restitution statute, Indiana Code section 35-50-5-3, requires that a restitution order for property damages be based on actual loss incurred. The adult statute is instructive when the juvenile statute is silent. J.H., 950 N.E.2d at 734. Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. Id.

In J.H., cited above, a restitution order was vacated when the juvenile court was not presented with reasonable evidence to support the juvenile court's determination of the value of loss to the victim. Id. In that case, the victim gave the prosecutor two different sheets of paper purporting to give an estimate of loss for the broken door. Id. The estimates differed by $117, and neither was submitted to the juvenile court or to defense counsel. Under those circumstances, the J.H. Court determined that "the 'estimates' were mere speculation or conjecture and that the juvenile court's order is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id.

Here, the evidence shows that A.H. signed an agreement that stated the electronic monitoring device was worth $575. Appellant's App. p. 124. A.H. stipulated to that amount when she signed the electronic monitoring agreement. Id. This agreement was before the trial court, and the amount was repeated by the probation officer. Tr. p. 65. Thus, unlike the circumstances in J.H., the trier of fact was not required to engage in speculation or conjecture. Therefore, we find that there was sufficient evidence to establish the amount of loss that occurred when A.H. cut off her electronic monitoring device.

The judgment of the juvenile court is affirmed.

BARNES, J., and CRONE, J., concur.