## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2018, 6:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle Laux
St. Joseph County Public Defender's Office
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C.B.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | November 29, 2018<br><br>Court of Appeals Case No.<br>18A-JV-1469<br><br>Appeal from the St. Joseph Probate Court<br><br>The Honorable James N. Fox, Judge<br><br>The Honorable James C. Stewart-Brown, Magistrate<br><br>Trial Court Cause No.<br>71J01-1801-JD-9 |

**Shepard, Senior Judge.**

Upon C.B.'s admission to vandalizing a local business, the juvenile court ordered him to pay restitution in the amount of $250. Concluding that the evidence as to the amount of loss is sufficient and that the court properly ordered him to pay restitution, we affirm.

## Facts and Procedural History

A petition of delinquency was filed alleging that C.B. had committed the offense of criminal mischief, a Class B misdemeanor if committed by an adult.[1] Specifically, the petition alleged that in May 2017, C.B. had damaged the property of a business known as HGR Group. At his initial hearing, C.B. admitted to the allegation, and the court found him delinquent.

At the dispositional hearing, the court reserved the issue of restitution for a subsequent hearing. In May 2018, a restitution hearing was held, at the conclusion of which the court ordered C.B. responsible for restitution in the amount of $250. C.B. now appeals.

## Issues

C.B. presents two issues for our review, which we restate as:

> I. Whether there was sufficient evidence of the amount of HGR Group's loss; and

---

[1] Ind. Code § 35-43-1-2 (2016).

II. Whether the juvenile court erred by ordering him to pay restitution.

# Discussion and Decision

## I. Sufficiency of the Evidence

[5] The juvenile court may order a child to pay restitution if the victim provides reasonable evidence of its loss. *See* Ind. Code § 31-37-19-5 (b)(4) (2012). As we have previously noted, Indiana Code section 35-50-5-3 (2014), the adult restitution statute, requires that a restitution order for property damage be based on actual loss incurred. *A.H. v. State*, 10 N.E.3d 37 (Ind. Ct. App. 2014) (citing Ind. Code § 35-50-5-3 and stating that adult statute is instructive when juvenile statute is silent), *trans. denied*. Evidence supporting an order of restitution is sufficient if it provides a reasonable basis for estimating the loss and does not compel the trier of fact to speculate or guess. *Id.*

[6] When C.B. admitted to the allegations, he testified that on May 23, 2017, he put lotion on some tires and equipment and that he removed a box of screws or nails from the property of HGR Group. At the restitution hearing, C.B. argued that his restitution amount should be capped at $750 for any damages that occurred only on May 23 because the State specified in his delinquency petition that the damage was less than $750 and May 23 is the only date on which he was alleged to have caused any damage. In addition, that is the maximum amount and the date to which he admitted.

[7] HGR Group claimed total losses of $17,203.84. The State reduced this figure to $13,903.86 because HGR had included a claim for lost wages for the time its employees spent cleaning up after the vandalism, which the State said it could not order the juveniles to pay. The $13,903.86 was then divided between the six boys involved, arriving at an amount of $2,317.31 per boy. When asked about insurance coverage, the HGR Group representative testified that there were numerous incidents and that the insurance company considered each incident individually with a separate deductible of $1,000.

[8] In ordering restitution for each of the six juveniles, the court limited the amount to HGR Group's $1,000 insurance deductible as a maximum and then assigned an amount to each boy according to what they were charged with and to what they admitted. For C.B., the court ordered restitution in the amount of $250, well below the $750 with which he was charged. We find the evidence here provided a reasonable basis for the court to estimate the loss due to C.B.'s involvement. Thus, the court's order of restitution was supported by sufficient evidence.

## II. Juvenile's Ability to Pay

[9] C.B. contends the juvenile court erred by ordering him to pay restitution because he did not have the ability to pay. The purpose behind a restitution order is twofold: (1) to impress upon the juvenile the magnitude of the loss he has caused, and (2) to defray costs to the victim caused by the delinquent act. *M.M. v. State*, 31 N.E.3d 516 (Ind. Ct. App. 2015). An order of restitution is a matter within the juvenile court's discretion, and we reverse only upon a

showing of abuse of that discretion. *A.H.*, 10 N.E.3d 37. An abuse of discretion occurs when the court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[10] Equal protection and fundamental fairness concerns require that our juvenile courts inquire into the juvenile's ability to pay before ordering restitution as a condition of probation. *J.H. v. State*, 950 N.E.2d 731 (Ind. Ct. App. 2011). This inquiry is intended to prevent indigent juveniles from being imprisoned because of their inability to pay. *Id.*

[11] It is clear from the record that the court inquired into C.B.'s ability to pay. At the disposition hearing, the court told C.B. that it did not "have to order the full amount of restitution" and that it would "need to see what [C.B. was] able to do." Tr. Vol. 2, p. 22. At the time of the restitution hearing in May 2018, C.B. was only fourteen and was unable to obtain a work permit. In response to the court's question of what C.B. does to earn money, C.B. responded that the previous summer he had worked with his uncle and had cut grass, earning somewhere between $100-$200. The court concluded: "It sounds like you are able to do some work. I'm going to order that you pay restitution in the amount of $250.00 by the end of December, [sic] 2018, okay?" *Id.* at 48. The court also informed C.B. that if he is "working diligently and just can't get it, I will extend that deadline for you, okay?" *Id.* This flexible deadline was reflected in the court's restitution order as well. *See* Appellant's App. Vol. 2, p. 16 ("If the Juvenile is unsuccessful in paying the restitution in full by the

deadline but is making an attempt to pay, the Court reserves the right to extend the deadline."). Given the amount of restitution ordered, the income C.B. has proven capable of earning during the summer, the possibility of higher earnings once he turns fifteen and is able to obtain a work permit, and the flexible timeline for payment, the juvenile court did not abuse its discretion in ordering C.B. to pay $250 in restitution.

## Conclusion

[12] We conclude that there was sufficient evidence to support the court's order of restitution and that the court properly exercised its discretion in ordering C.B. to pay $250 in restitution.

[13] Affirmed.

May, J., and Brown, J., concur.