Fred S. MOTT, Appellant,

v.

STATE of Indiana, Appellee.

No. 379S67.

Supreme Court of Indiana.

April 18, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On July 26, 1978, appellant Mott was charged with Rape While Armed with a Deadly Weapon, a Class A Felony, and Unlawful Deviate Conduct, a Class B Felony. He entered into a Plea Bargain Agreement and Disclosure on September 11, 1978, in which he agreed to serve an executed sentence of thirty (30) years on the charge of Rape With A Deadly Weapon. It was also agreed that he and the prosecutor would be free to argue for probation or incarceration on the charge of Deviate Sexual Conduct. The prosecutor agreed not to file a Habitual Offender charge or other charges arising from the incidents. A hearing was had on September 11, 1978, and the trial court accepted defendant's pleas of guilty on each charge. A pre-sentence report was filed and on October 10, 1978, the trial court sentenced defendant to thirty (30) years for Rape While Armed with a Deadly Weapon and twenty (20) years for Deviate Sexual Conduct, with the sentences to be served consecutively. Appellant claims that the sentencing provision under which he was sentenced is invalid, that the trial court erred in imposing the maximum penalty for the Class B felony, and that the trial court committed a fundamental error by recommending that the sentences be imposed without benefit of parole.

## I.

Appellant argues that the sentencing provision of Ind.Code § 35–50–1–2(a) (Burns 1979) violates Article 4 § 22[2] of the Indiana Constitution which prohibits the General Assembly from passing local or special laws for the punishment of crimes and misdemeanors. Appellant also claims that this statute is an improper delegation of legislative authority.

■ Ind.Code § 35–50–1–2 (Burns 1979) provides as follows:

"*Consecutive and concurrent terms.* —(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Appellant's argument, in brief, is that because a trial court has discretion to determine whether sentences shall be served concurrently or consecutively, a defendant in one locale could receive a sentence which was different from that received by a defendant in another locale. There is no merit to this argument. The sentencing provisions of Ind.Code § 35–50–1–2(a) apply equally to all of those persons who were convicted of more than one crime. "A law which applies generally to a particular class of cases is not local or special. The Constitution does not require that the operation of a law shall be uniform, other than that its operation shall be the same in all parts of the state under the same circumstances." *Sarlls v. State*, (1929) 201 Ind. 88, 104, 166 N.E. 270, 276. The trial courts throughout the State have the same discretion under the same circumstances pursuant to Ind. Code § 35–50–1–2(a) and this cannot be called a local law.

Appellant also claims that the above statute is an improper delegation of legislative authority, and that it is uncertain and not capable of intelligent construction.

■ The legislature has vested the trial court with the discretion to determine whether these sentences were to run concurrently or consecutively. Appellant has no constitutional right to serve sentences for various crimes concurrently. *Bewley v. State*, (1966) 247 Ind. 652, 220 N.E.2d 612.

■ In providing that a defendant may be sentenced up to the maximum total time for all crimes committed, and before the trial court for sentencing, the legislature has not improperly delegated its authority to the judiciary.

## II.

Appellant contends that the trial court erred in imposing the maximum sentence of twenty (20) years under Ind.Code § 35–50–2–5 (Burns 1979) for the Class B Felony of Unlawful Deviate Conduct Ind.Code § 35–42–4–2 (Burns 1979) in view of the fact that the court imposed the standard sentence of thirty (30) years for the Class A Felony.

Defendant entered into a plea bargain agreement and Disclosure which provided that he agreed to serve an executed sentence of thirty (30) years on the charge of Rape With a Deadly Weapon and that the defendant and prosecutor would be free to argue for probation or incarceration on the charge of Deviate Sexual Conduct. The prosecutor agreed not to file a Habitual Offender charge or other charges arising from the incidents. Appellant's counsel stated that the defendant would plead guilty to Deviate Sexual Conduct charge on a "chips fall basis." Defendant was advised by the court prior to the accepting of his guilty plea that the sentences could be served consecutively or concurrently and that the maximum sentence of twenty (20) years on the Deviate Sexual Conduct charge could be made consecutive to the thirty (30) year sentence for Rape with a Deadly Weapon. Defendant agreed to plead guilty and to take a chance of getting a thirty-to-fifty year sentence rather than to take a chance on a maximum one-hundred year sentence if he were convicted as a Habitual Offender.

Defendant pleaded guilty to Deviate Sexual Conduct, a Class B felony. Ind.Code § 35–50–2–5 (Burns 1979) provides as follows:

"A person who commits a class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars [$10,000]."

West's Ann.Ind.Code § 35–4.1–4–7(a) (1978) [Ind.Code 35–50–1A–7 (Burns 1979 Supp.)] provides as criteria for sentencing that:

"In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

A list of factors which may be considered as mitigating circumstances follows. Under subsection (c) is a list of factors which may be considered as aggravating circumstances or as favoring imposing consecutive terms of imprisonment among which are that the person has recently violated the conditions of any probation, parole, or pardon granted him, that the person has a history of criminal activity and that imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

The trial court found as aggravating circumstances that the defendant was on parole when he committed the Deviate Sexual Conduct, that the crime for which he was on parole was committed while he was on parole, and that he had a history of criminal activity. The court also commented that the usage of a weapon was considered as an aggravating circumstance and that the imposition of a reduced sentence, or of a suspension of the sentence, would depreciate the seriousness of the crime. The court further reviewed the possible mitigating circumstances and found that there were none. The court noted that the crime threatened serious harm, that the circumstances of the crime were likely to recur, and that the victim did not induce or facilitate the commission of the crime. The court concluded that the maximum sentence on the unlawful deviate conduct was appropriate. There was no error on this issue. The court may, upon consideration of relevant facts and information, increase the standard penalties, impose consecutive sentences or both. The determination of whether sentences are to be served concurrently or consecutively is within the discretion of the trial court under Ind.Code 35–50–1–2(a) (Burns 1979). *Inman v. State,* (1979) Ind., 393 N.E.2d 767, 772. The fact

that the court accepted the plea bargain agreement as to the Class A felony does not require that the court impose the standard sentence on the Class B felony. This matter is within the discretion of the trial court and there was no abuse of that discretion.

## III.

Appellant finally contends that the trial court erred in its recommendation of no parole. Appellant claims that if this recommendation is followed he will be prejudiced.

Appellant was sentenced to the Department of Corrections for thirty years on the Class A Felony; and for twenty years on the Class B felony. He was given credit for good time and the court recommended maximum security without benefit of parole. Appellant was ordered to be transported to the Reception-Diagnostic Center.

Appellant asserts that under Ind.Code 35–50–6–1(a) he has an absolute right to parole and that the trial judge has no jurisdiction over this matter. Ind.Code § 35–50–6–1(a) (Burns 1979 Repl.) reads as follows:

"A person imprisoned for a felony shall be released on parole when he completes his fixed term of imprisonment, less the credit time he has earned with respect to that term."

It appears that this statute does apply to the appellant. However, the trial court's recommendation of no parole is merely a recommendation. It is not an order. The Indiana parole board of the Department of Corrections has exclusive power to parole prisoners, under our statutes, Ind.Code § 11–1–1–7 (Burns 1979). The appellant was sentenced to the Department of Corrections and there is no showing that he has been harmed in any way by the recommendation of the judge. This remark, while inappropriate, does not constitute error.

Judgment affirmed.

All Justices concur.