504 N.E.2d 334 (1987)
In re J.A.W., a Child Alleged to Be a Delinquent Child.
No. 02A03-8608-JV-252.
Court of Appeals of Indiana, Third District.
February 26, 1987.
*335 Solomon L. Lowenstein, Jr., Fort Wayne, for appellant.
Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.
HOFFMAN, Judge.
J.A.W. appeals the denial of his motion to correct errors by the trial court following the court's acceptance of a plea agreement wherein J.A.W. was adjudicated a delinquent and committed to the Indiana Boy's School. The proper avenue for J.A.W. to challenge this plea should have been through a motion to withdraw the guilty plea pursuant to IND. CODE § 35-35-1-4(c)(5) (1985 Supp.), which would be treated by the court as a petition for post-conviction relief. However, the State has agreed, in the interests of judicial economy, to treat J.A.W.'s motion to correct errors as a motion to withdraw the guilty plea and it will be treated as such here.
J.A.W. contends that he should have been allowed to withdraw his plea of guilty because the trial court did not properly adhere to the plea agreement after accepting the plea. After accepting the plea agreement, which called for the commitment of J.A.W. to the Indiana Boy's School, the trial court added its recommendation that the Department of Correction continue that commitment until J.A.W. reaches 21 years of age. The plea agreement was silent as to any length of time of commitment.
J.A.W. is correct in his contention that once the trial court accepts a plea agreement in a juvenile proceeding, the court is bound by the terms of that agreement. See, IND. CODE §§ 35-35-3-3(d) (1985 Supp.) and 31-6-7-1(a) and (b) (1982). The trial court's strict adherence to the plea agreement is essential to the purpose of such agreements. State ex rel. Goldsmith v. Marion Superior Ct. (1981), 275 Ind. 545, 419 N.E.2d 109, 114.
However, there was no prejudice or harm flowing from the trial court's recommendation here and thus no reason to allow J.A.W. to withdraw his plea of guilty. The trial court's recommendation that J.A.W. be detained by the Department of Correction until the age of 21 has no binding effect on J.A.W.'s actual time detained, as when the trial court awards guardianship or wardship of a delinquent child to the Department of Correction, the court loses its jurisdiction over the delinquent. See, IND. CODE § 31-6-2-3(a)(2) (1985 Supp.). The Department of Correction has exclusive jurisdiction, and discretion regarding any possible parole, over J.A.W. until he turns 21 years of age or parole is actually granted. IND. CODE § 11-13-6-4 (1982). Thus the trial court's recommendation regarding parole was not a deviation from the plea agreement because the relevant provision of the plea agreement, that being the commission of J.A.W. to the Department of Correction, remained unaffected by the trial court's recommendation.
This determination is consistent with our Supreme Court's decision in Mott v. State (1980), 273 Ind. 216, 402 N.E.2d 986, 989. There the Court rejected Mott's claim of error resulting from the trial court's recommendation, after the acceptance of his guilty plea, that Mott receive no parole. 402 N.E.2d at 989. The Court determined that Mott proved no harm from the recommendation by the trial court because the Department of Correction had the exclusive power to grant or deny parole. 402 N.E.2d at 989. J.A.W. is similarly unable to show any harm resulting from the trial court's recommendation in the case at bar.
Accordingly, the judgment is affirmed.
Affirmed.
GARRARD, P.J., and STATON, J., concur.