Ovis A. FRIERSON,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 82A01–8906–CR–197.

Court of Appeals of Indiana,
First District.

Sept. 18, 1989.

Richard L. Young, Hayes and Young, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Ovis A. Frierson (Frierson), appeals from his conviction for three counts of criminal deviate conduct, Class B felonies,[1] and one count of confinement, a Class D felony.[2] Frierson received consecutive sentences totaling 64 years.

We affirm.

## STATEMENT OF THE FACTS

Frierson was originally charged with three counts of criminal deviate conduct, Class A felonies and one count of confinement, a Class B felony. At the jury trial, the victim testified that when Frierson first approached her, he told her he had a gun and threatened to use it. During her testimony, the victim became emotionally upset which prompted the State to request a recess. The trial court granted the State's request and denied Frierson's motion to prevent the State from talking to the victim during the recess.

The jury found Frierson guilty of the lesser included offenses of those charged. Frierson was convicted of three counts of criminal deviate conduct as Class B felonies, and one count of confinement as a Class D felony.

At the sentencing hearing, the trial court enumerated the aggravating and mitigating circumstances as follows:

I do, however, think that there are aggravating circumstances here. There's a history of criminal activity including criminal activity directed toward this victim. We have a person here who's in need of correctional treatment best provided by confinement in a penal facility. Imposition of a reduced sentence, I believe, would depreciate the seriousness of the crime, and the victim has testified to the ... her own wishes in regard to sentencing, which I think are morally understandable and the burdens which have been placed upon her including having to seek counseling and problems within her family. I think those are very serious aggravating circumstances. In addition, I think the circumstances of the crime itself is [sic] such where consecutive sentencing should be carefully considered. Although the jury did not find that the confinement was committed while armed with a deadly weapon, the victim's testimony that Mr. Frierson had a ... had told her he had a weapon to threaten ... to coerce her into getting into the car is uncontradicted, and the jury verdict is not inconsistent with his [sic] testimony, therefore I believe that this course of criminal conduct was begun with a ... an implied threat of the use of deadly force which I think makes the confinement quite serious. I think that the testimony is clear that the victim was struck repeatedly during the course of the sexual indignities to which she was subjected. She experienced extreme pain when she was anally raped, and in fact rectal bleeding. Later she was told that if she were to reveal the crime, she would be harmed, again demonstrating a propensity on the part of the defendant to ... to at least threaten the use of further violence, and presumably use

---

further violence. Mr. Frierson's had a responsible position in dealing with young people which he has used to commit child molesting and rape. He appears to be almost irredeemably predatory and dangerous. He's a murderer and sex criminal of the worst sort. I don't think that he can be justifiably permitted to live with others until his advancing age has substantially reduced his power to dominate and destroy other people and engage in predatory activity of the type which is demonstrated by his criminal history, and the conviction of this offense. The testimony presented in mitigation does not in anyway, I believe, counterbalance the severe circumstances of this offense, and the other aggravating circumstances....

*Record* at 316–18. The trial court imposed the maximum sentence of 20 years for each of the three Class B felonies, the maximum sentence of four years for the Class D felony, and ordered the sentences served consecutively.

## ISSUES

Frierson raises the following issues for our review:

I. Whether the trial court erred in considering as an aggravating circumstance when sentencing Frierson that he impliedly threatened to use deadly force against the victim.

II. Whether the trial court erred in denying Frierson's motion to prevent the State from communicating with the victim during a recess taken while the victim was testifying.

## DISCUSSION AND DECISION
### ISSUE I.

Frierson first asserts that at the sentencing hearing the trial court impermissibly considered his failure to testify when it relied on the victim's uncontradicted testimony that Frierson threatened to use a gun. Frierson contends that the trial court's reliance on the uncontradicted nature of the victim's testimony amounted to a comment on his failure to testify. Such a comment, Frierson argues, violated his fifth amendment right against self-incrimination. We disagree.

When determining what sentence to impose for a crime, the trial court is required by statute to consider the nature and circumstances of the crime committed. IND.CODE 35–38–1–7(a)(2). The implied threat of using deadly force was one of a long list of circumstances considered by the trial court in sentencing Frierson. We do not find the consideration of that fact amounted to an impermissible comment on Frierson's failure to testify. *See Mott v. State* (1980), 273 Ind. 216, 402 N.E.2d 986 (trial court properly considered use of a weapon as an aggravating circumstance when sentencing defendant to enhanced term for Class B criminal deviate conduct).

Frierson further contends that the jury, by convicting him of the lesser included offenses, specifically found that he did not use a deadly weapon. Accordingly, Frierson argues, the trial court, in imposing the sentence, impermissibly relied on facts not relating to the offense.

There are two categories of cases addressing this issue. The first holds that a sentence will be vacated when the trial court enhances a presumptive sentence to compensate for what it believes to be an erroneous jury verdict. *Gambill v. State* (1982), Ind., 436 N.E.2d 301. The second category holds that if the trial court enhances a sentence while entertaining mild skepticism of the jury verdict, the sentence will not necessarily be vacated. *Wilson v. State* (1984), Ind., 458 N.E.2d 654. In *Gambill*, the trial court stated at the sentencing hearing:

I think the facts of the occurrence justify, and the evidence would justify a conviction of murder. I think in fact that was the offense committed. The jury, as it had a right to do, returned a verdict of voluntary manslaughter for whatever reason, and I think it was not the right verdict.

*Gambill, supra* at 304. The sentence enhancement was reversed when this court found that the trial judge had invaded the province of the jury, and that his comments did not amount to a particularized statement as to the seriousness of the crime. In *Wilson, supra,* however, the imposition of

an enhanced sentence was upheld. The supreme court distinguished *Gambill* on the ground that the sentencing judge in *Wilson,* having entertained mild skepticism over the jury verdict, was not so resolutely opposed to the jury verdict as to make the enhancement suspect.

In the case at bar, the record does not indicate that the trial judge sentenced Frierson to compensate for an erroneous jury verdict. In fact, the trial judge specifically stated that the jury's verdict was consistent with the testimony. The trial judge's actions do not even rise to the level of mild skepticism.

■ In sentencing Frierson, the trial court listed several aggravating factors, one being the fact that Frierson coerced the victim into his car with "an implied threat of the use of deadly force...." *Record* at 317. The trial court did not, as Frierson contends, list as an aggravating circumstance the proposition that Frierson committed the crimes while armed with a deadly weapon. An implied threat of the use of deadly force to coerce the victim into a car does not constitute committing a crime while armed with a deadly weapon which normally elevates both criminal deviate conduct and confinement to higher class felonies.

It is on this basis that the case at bar differs from the Second District's recent decision in *Conwell v. State* (1989), Ind. App., 542 N.E.2d 1024. In that case, the defendant pled guilty to burglary, a Class C felony. The trial court enhanced the sentence based solely on the aggravating factor that the structure involved was a dwelling. In reversing the sentence enhancement, the Second District stated: "when a defendant pleads guilty to an included offense, the element(s) distinguishing it from the greater offense—here that the building or structure was a dwelling—may not be used as an aggravating circumstance to enhance the sentence." *Id.* at 1025. In the present case, none of the aggravating circumstances used to enhance Frierson's sentence constituted the elements distinguishing the greater offense from the lesser.

Further, unlike the trial court in *Conwell,* which only relied on one aggravating factor, the trial court in the present case listed several: previous criminal activity directed toward the same victim; confinement in a penal facility being the preferred corrective treatment; a reduced sentence would depreciate the seriousness of the crime; the emotional burden placed on the victim and her family; implied threat of deadly force to coerce the victim into Frierson's car; the violence used by Frierson when subjecting the victim to sexual indignities; the pain experienced by the victim; the threats made against the victim if she revealed the crime; Frierson's use of his employment with young people to commit child molesting and rape; and the predatory and dangerous nature of Frierson's character. The aggravating circumstances enumerated by the trial court were sufficient to support the imposition of an enhanced sentence. We find no error.

ISSUE II.

Frierson next contends that the trial court abused its discretion by refusing to grant his motion to prevent the State from talking to the victim during a recess taken during her direct testimony. In support of his contention, Frierson cites the recent decision of *Perry v. Leeke* (1989), —— U.S. ——, 109 S.Ct. 594, 102 L.Ed.2d 624, wherein the United States Supreme Court held that the defendant does not have an absolute sixth amendment right to consult with his attorney during brief recesses taken during his testimony. The court stated that "in a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice." *Id.,* 109 S.Ct. at 602.

Relying on dicta from *Perry, supra,* Frierson argues that the refusal to prohibit the victim from discussing her testimony with the State afforded the victim "an opportunity to regain her poise and sense of strategy." *Appellant's Brief* at 13. Frierson's argument is unpersuasive.

The concern in *Perry* was that the granting of a recess between the defendant's direct testimony and cross-examination would almost certainly result in the lawyer's coaching the defendant's testimony.

The court held that while denying a defendant access to counsel during an overnight recess would violate the defendant's sixth amendment right to counsel, instructing the defendant not to consult with his attorney during a brief recess is a matter within the discretion of the trial court. *Perry, supra.*

The case at bar is factually distinct from *Perry.* The recess taken in the instant case was during the course of the victim's direct testimony, not between her direct testimony and cross-examination as in *Perry.* Because the recess was taken during the course of her testimony, it was much less likely taken for strategy purposes. Further, because the testifying witness was not the criminal defendant, no sixth amendment rights were implicated.

The trial court has broad discretion to determine the manner in which a trial is to be conducted. *Hubbard v. State* (1987), Ind., 514 N.E.2d 1263; *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, *cert. denied,* — U.S. —, 108 S.Ct. 761, 98 L.Ed.2d 773. The record reflects that the victim became emotionally upset when testifying about the crimes committed against her. The circumstances under which the recess was taken do not appear to have promoted an opportunity for the State to coach the victim's testimony. Rather, it is clear from the record that the purpose of the recess was to allow the victim to regain her composure. The trial court was well within its discretion to allow communications between the State and the victim if it determined that such communications would help console the victim. Further, defense counsel had the opportunity on cross-examination to explore any unfair coaching he suspected took place during the brief recess. He made no attempt to do so. We find no error in the actions of the trial court.

Judgment affirmed.

ROBERTSON and SULLIVAN, JJ., concur.