899 N.E.2d 686 (2009)
T.K., Appellant/Respondent,
v.
STATE of Indiana, Appellee/Petitioner.
No. 57A04-0808-JV-495.
Court of Appeals of Indiana.
January 12, 2009.
*687 Mark Small, Indianapolis, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BRADFORD, Judge.

INTRODUCTION
T.K. appeals from his commitment to the Department of Correction ("DOC") following the juvenile court's adjudication that he committed child molesting,[1] a Class B felony if committed by an adult. We affirm.

FACTS AND PROCEDURAL HISTORY
On May 14, 2008, T.K., who was fourteen at the time, inserted his fingers in and licked the vagina of K.K., his younger sister, who was under fourteen at the time. On June 5, 2008, the State filed a delinquency petition against T.K., alleging that he committed what would be two counts of Class B felony child molesting and one count of Class C felony child molesting if committed by an adult.
On July 9, 2008, pursuant to an agreement with the State, T.K. admitted that he had committed what would be Class B felony child molesting if committed by an adult. Pursuant to the agreement, the State agreed to dismiss the two other counts against T.K. in exchange for his acquiescence to a commitment to DOC. On July 10, 2008, the juvenile court issued its dispositional order, ordering wardship of T.K. to the DOC and recommending that his "length of stay be sufficient to ensure that when he/she is returned to the community he/she will no longer represent a danger to the community." Appellant's App. p. 6.

DISCUSSION
T.K. contends that the juvenile court abused its discretion in ordering commitment to the DOC.
The choice of a specific disposition for a delinquent child is within the discretion of the trial court, subject to the statutory considerations of the welfare of the child, the safety of the community, and a statutory policy of favoring the least harsh disposition. We may overturn the trial court's disposition order only if we find that it has abused its discretion. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.
A.M.R. v. State, 741 N.E.2d 727, 729 (Ind. Ct.App.2000) (citations omitted).
T.K. first contends that his disposition was inappropriate pursuant to Indiana Appellate Rule 7(B), which allows us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We conclude, however, that Rule 7 does not apply to juvenile dispositions. It is well-settled that "[p]roceedings in juvenile court are civil proceedings, *688 not criminal in nature [and that a]n act of juvenile delinquency is not a crime." M.R. v. State, 605 N.E.2d 204, 207 (Ind.Ct.App. 1992). Moreover, Rule 7(A) provides, in part, that "[a] defendant in a Criminal Appeal may appeal the defendant's sentence." Because T.K. was never a defendant, and because his appeal is not a criminal appeal, Rule 7, by its plain language, does not apply.
We also conclude that the juvenile court did not abuse its discretion. "[O]nce the trial court accepts a plea agreement in a juvenile proceeding, the court is bound by the terms of that agreement." In re J.A.W., 504 N.E.2d 334, 335 (Ind.Ct.App.1987). The agreement was that the State would dismiss two allegations in exchange for T.K. agreeing to a DOC commitment, and that is precisely what the juvenile court ordered. In the matter of the location of T.K.'s placement, the juvenile court simply had no discretion.
T.K. also contends that the juvenile court abused its discretion in ordering that his commitment to DOC extend beyond his eighteenth birthday. The record, however, does not support this claim. As previously mentioned, the juvenile court's written dispositional order's only reference to the duration of T.K.'s commitment was the court's recommendation that "the Juvenile's length of stay be sufficient to ensure that when he/she is returned to the community he/she will no longer represent a danger to the community." Appellant's App. p. 6. Moreover, although the juvenile court stated that he believed that T.K.'s placement would "technically" be until he was twenty-one, it also mentioned that "I think we can all agree that the [DOC] will not keep you any longer than age 18." Tr. p. 14. Finally, the juvenile court made it clear that T.K.'s placement was of no determinate length, much less beyond his eighteenth birthday, stating that "[DOC] can keep you all the way up to age 18, uh, not to say that is how long they will keep you, but it is within the realm of possibility." Tr. p. 14. The juvenile court did not order that T.K.'s commitment to the DOC extend beyond his eighteenth birthday and did not otherwise abuse its discretion in its disposition of T.K.'s case.
The judgment of the juvenile court is affirmed.
FRIEDLANDER, J., and MAY, J. concur.
NOTES
[1] Ind.Code § 35-42-4-3(a) (2007).