## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 11 2015, 6:22 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shayne Thompson,
*Appellant,*

v.

State of Indiana,
*Appellee*

August 11, 2015

Court of Appeals Case No.
49A05-1410-CR-480

Appeal from the Marion County
Superior Court Criminal Division 1

Cause No. 49G01-1309-MR-063580
No. 49G01-1406-FA-029370

The Honorable Kurt Eisgruber,
Judge

**Friedlander, Judge.**

[1] Shayne Thompson appeals the calculation of credit time in conjunction with his sentencing for one count of murder, one count of robbery as a class A felony, and one count of robbery as a class B felony.

[2] We reverse and remand with instructions.

[3] On October 24, 2011, Thompson committed acts that eventually led to his conviction of robbery as a class C felony. He was sentenced to two years, suspended, and placed on home detention. He was also placed on 365 days probation. His probation was revoked on January 11, 2013. He was later released to parole on July 12, 2013. While on parole, on September 19, 2013, Thompson and several accomplices forced their way into a residence in Indianapolis and robbed a family at gunpoint. Less than a week later, on September 25, 2013, Thompson and an accomplice robbed a BP store at gunpoint. During the robbery, Thompson shot and killed a store clerk.

[4] Based upon Thompson's subsequent arrest on the murder charge, the parole department issued a parole warrant on October 2, 2013. On November 20, 2013, "the warrant was lifted and voided due to the amount of time the defendant had already served on this case and his pending maximum release date (per legislative order)." *Appellant's Appendix* at 301. A supervisor at the parole department indicated that "they were aware [Thompson] was in the Marion County Jail, and this case was monitored by parole until [Thompson] reached his maximum expiration date." *Id.* The supervisor further indicated

that Thompson "was released from parole for this case on 01/10/2014, due to [Thompson] reaching his maximum expiration date." *Id.*

[5] Two separate criminal cases were filed against him as a result of the events of September 19 and September 25. The State and Thompson eventually entered into a single plea agreement resolving both cases. As a result of the September 19 incident, which we shall refer to as the confinement case, Thompson pled guilty to burglary as a class A felony, robbery as a class B felony, and five counts of criminal confinement, all as class B felonies. As a result of the September 25 incident, which we shall refer to as the murder case, Thompson pled guilty to murder and two counts of robbery, one as a class A felony and one as a class B felony. According to the terms of the agreement, the sentences for each case would run consecutively, and Thompson's aggregate sentence would be between 65 and 110 years. Thompson agreed to waive his right to appellate review of the appropriateness of the sentence, and the State agreed that Thompson would not be required to register as a sex offender.

[6] On September 26, 2014, following a hearing, the trial court sentenced Thompson to fifty-five years for the murder conviction and ten years for the class B-felony robbery conviction. The court ordered that those sentences were run consecutively to each other and concurrently with a four-sentence for robbery as a class A felony. With respect to the confinement case, Thomas was sentenced to thirty years for the burglary conviction, which was to run concurrently with a four-sentence for the class B-felony robbery conviction. He received fifteen-sentences for each of the four B-felony criminal confinement

convictions, with those sentences to run concurrently with each other and consecutively to the sentence for the burglary conviction. Finally, the aggregate sentence for the confinement case was ordered to run consecutively to the aggregate sentence for the murder case, for a total aggregate sentence of 110 years.

[7] Finally, and germane to the issue presented on appeal, the parties agree that Thompson was incarcerated for 367 days between his arrest in the murder case and the time he was sentenced. The State argued, and the trial court ultimately agreed, that Thompson was not entitled to credit time for 101 of those days because he was serving a sentence for his parole violation between October 2, 2013 (when the parole department filed the warrant) and January 10, 2014 (when the parole warrant was lifted because Thompson had already "reached his maximum expiration date"). *Id.* at 301.

[8] Thompson challenges the award of credit time.[1] When considering challenges to the award of credit time, we review the trial court's factual determinations

---

[1] We reject the State's assertion that Thompson cannot appeal this alleged error because he invited it. At the sentencing hearing, the State argued that Thompson should not get credit for "his DOC sentence", i.e., the time "he was serving [on] a parole violation sentence". *Transcript* at 96. When asked for a response, Thompson's stated: "That is a correct statement based on the law as we understand it." *Id.* It is debatable whether Thompson "invited" the error within the meaning of the invited error doctrine. Even if it was argued as a traditional example of waiver for failing to object, the argument would not prevail. *See Groves v. State,* 823 N.E.2d 1229, 1231–32 (Ind. Ct. App. 2005) ("[g]enerally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. An improper sentence constitutes fundamental error and cannot be ignored on review").

for an abuse of discretion. *Harding v. State*, 27 N.E.3d 330 (Ind. Ct. App. 2015). On the other hand, legal conclusions based, as here, upon the interpretation of a statute are reviewed de novo. *See Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010) ("we review de novo matters of statutory interpretation because they present pure questions of law"). On appeal, the defendant bears the burden of showing that the trial court erred in calculating credit time. *Gardner v. State,* 678 N.E.2d 398 (Ind. Ct. App. 1997).

[9] Thompson contends the trial court erred in denying him credit time for time spent on pretrial confinement. It appears the trial court determined that Thompson was not entitled to credit time for the period of his confinement spanning from October 2 through January 10. It further appears that the trial court accepted the State's argument that Thompson was not qualified to receive credit time because during that time he was serving a sentence for violating his parole. *See* fn. 1 *infra*.

[10] We begin by considering the statutory scheme devised by our Legislature relating to credit time for parole violations. Pursuant to Ind. Code Ann. § 35-50-6-1(a) (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation), "when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the

person has earned with respect to that term, the person shall be … (1) released on parole for not more than twenty-four (24) months, as determined by the parole board[.]" As reflected in this provision, parole is administered and determined by the parole board, and not the court. *See Mott v. State*, 273 Ind. 216, 221, 402 N.E.2d 986, 989 (1980) ("[t]he Indiana parole board of the Department of Corrections has exclusive power to parole prisoners, under our statutes"). I.C. § 35-50-6-7 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation) does provide that credit time may be denied for a person who is jailed on new charges stemming from acts committed while on parole. Pursuant to this provision, a parolee who "has been charged with a new crime may be immediately assigned to Class III and may have all earned credit time suspended pending disposition of the allegation" by the DOC or the county detention facility. I.C. § 35-50-6-7(a). The statute further provides that in the event the parolee is found not guilty of the alleged misconduct following a hearing, the credit time must be restored. We reiterate, however, that this is a decision committed to the parole board and the Department of Correction. *See* I.C. § 35-50-6-7; *see also Propes v. State*, 587 N.E.2d 1291, 1293 (Ind. 1992) ("the manner in which a sentence is served once the prisoner has been committed to the Department of Correction is a matter of discretion of that department together with the parole board and the clemency commission and their interactions with the Governor"), *cert. denied*, 505 U.S. 1226. It appears from the record before us that these steps were not undertaken and Thompson's parole was never revoked.

[11] Based upon Thompson's arrest for the murder charge, the parole department issued a parole warrant on October 2, 2013. Approximately a month and a half later, that warrant "was lifted and voided due to the amount of time [he] had already served … and his pending maximum release date." *Appellant's Appendix* at 301. Although the parole department was aware that he was in the Marion County Jail and continued to monitor the case, Thompson's parole was never revoked. In fact, Thompson was released from parole on January 10, 2014, because he had "[reached] his maximum expiration date." *Id.* Importantly, neither the parole department nor the DOC held a hearing to determine, for purposes of revoking parole, whether Thompson was guilty of the charges for which he was arrested on October 2, 2013. Further, neither the parole board nor the DOC undertook the steps necessary to assign him to Class III and/or suspend his credit time. Therefore, it cannot be said that Thompson's incarceration during that time was attributable to his parole having been revoked, or indeed any official change in his parole status at all. This means that during this period Thompson remained in Class I credit time. Thus, any loss of credit time during that period could only have been premised upon the fact of the allegation that he violated parole. Under these circumstances, we can find no authority for denying credit time on this basis.

[12] Accordingly, we conclude that the trial court erred in depriving Thompson of 101 days credit time in the murder case for the time he was incarcerated between October 2, 2013 and January 10, 2014. We remand with instructions

to correct the sentencing order to reflect that Thompson is entitled to receive an additional 101 days credit time against the present sentence.

[13]   Judgment reversed and remanded with instructions.


Baker, J., and Najam, J., concur.