## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2017, 5:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel C. Reuter
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

L.O.C.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 23, 2017

Court of Appeals Case No.
07A01-1606-JV-1300

Appeal from the Brown Circuit Court

The Honorable Judith A. Stewart, Judge

Trial Court Cause No.
07C01-1512-JD-85

**Barnes, Judge.**

# Case Summary

L.C. appeals his adjudication as a delinquent child for his act that would have been Level 6 felony possession of a legend drug if committed by an adult. We affirm.

# Issues

L.C. raises two issues, which we restate as:

> I. whether the evidence is sufficient to sustain his adjudication as a delinquent child; and
>
> II. whether he received the effective assistance of trial counsel.

# Facts

On August 27, 2015, L.C. and A.B. were high school students. Another student reported seeing L.C. give a plastic bag containing pills to A.B. during class. The principal questioned L.C. and A.B., and both students denied the report. However, a baggie containing fifty-nine pink pills, later identified as paroxetine hydrochloride, also known as Paxil, were found in A.B.'s possession. L.C. gave a written statement to the principal that provided: "I was holding the pills for [A.B.] after he gave them to my cousin [B.C.] to hold two days ago. I was supposed to give them to him yesterday but I was not at school so he had me give them to him today." State's Ex. 1.

The State filed a delinquency petition alleging that L.C. had committed an act that would be Level 6 felony possession of a legend drug. L.C. attempted to

admit the allegation, but the trial court found an insufficient factual basis and did not accept L.C.'s admission. At the fact-finding hearing, A.B. testified that he had given a bag of pills to L.C. and that L.C. gave the pills back to him on August 27, 2015. A.B. testified that he assumed it was illegal for him to possess the pills without a prescription and that he concealed the pills in his pocket and his waistband. L.C.'s counsel did not cross-examine A.B. L.C.'s counsel argued that the State had failed to prove that L.C. knew the pills were paraoxetine hydrochloride.

[5] The juvenile court found that "the State proved [L.C.] possessed Paroxetine Hydrochloride, that [L.C.] knew he was in possession of pills, and that [L.C.] was aware of a high probability that the pills required a prescription." Appellant's Second Suppl. App. Vol. II p. 44. The trial court concluded that the State did not prove that L.C. knew the specific legend drug that he possessed but that the State had still met its burden. The trial court found L.C. delinquent for committing an act that would be Level 6 felony unlawful possession of a legend drug if committed by an adult. L.C. now appeals.

## Analysis

### I. Sufficiency

[6] L.C. challenges the sufficiency of the evidence to support his adjudication as delinquent. In juvenile delinquency adjudication proceedings, the State must prove every element of the offense beyond a reasonable doubt. *A.B. v. State*, 885 N.E.2d 1223, 1226 (Ind. 2008). "'In reviewing a sufficiency of the evidence

claim, we do not reweigh the evidence or assess the credibility of the witnesses.'" *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013) (quoting *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010)). We look to the evidence and reasonable inferences drawn therefrom that support the judgment, and we will affirm the adjudication if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* We will reverse if there is no evidence or reasonable inference to support any one of the necessary elements of the offense. *Id.* We must thus determine whether substantial evidence of probative value was presented at trial from which a reasonable factfinder could conclude beyond a reasonable doubt that L.C.'s conduct, if committed by an adult, would constitute Level 6 felony unlawful possession of a legend drug as charged.

[7] It is a Level 6 felony to knowingly possess a legend drug without a prescription. *See* Ind. Code § 16-42-19-13; Ind. Code § 16-42-19-27. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

[8] L.C. first argues that the trial court applied the wrong standard of proof when the trial court stated at the fact-finding hearing that the "evidence has established that [L.C.] knowingly possessed these pills and I think that based on circumstantial evidence I think it also established a high probability that [he] knew that they were illegal pills." Tr. pp. 80-81. According to L.C., the trial court applied a "high probability" standard of proof rather than a "beyond a reasonable doubt" standard of proof. Appellant's Br. p. 11. We do not

interpret the trial court's statement in the way that L.C. does. Rather, we conclude that the trial court was discussing the requirement that L.C. "knowingly" possess the legend drug. This is consistent with the trial court's other statements that the State had proven that L.C. knew he was possessing an illegal drug and the trial court's written order finding that L.C. was "aware of a high probability that the pills required a prescription." *See* Tr. p. 81; Appellant's Second Amended App. p. 44.

[9] Next, L.C. argues that the evidence is insufficient to show that he was aware of a high probability that it was illegal to possess the pills without a prescription. L.C. does not dispute that he possessed the pills, that the pills were paroxetine hydrochloride, or that paroxetine hydrochloride is a legend drug. The State presented evidence that A.B. gave a baggie of pills to L.C. and that L.C. gave the pills back to him on August 27, 2015. A.B. concealed the pills in his pocket and his waistband. When confronted by the school principal, A.B. and L.C. initially denied having the pills. However, a baggie containing fifty-nine paroxetine hydrochloride pills was found in A.B.'s waistband. The State presented circumstantial evidence from which the trier of fact could infer that L.C. was aware of the illegal nature of the pills, and L.C.'s argument is merely a request that we reweigh the evidence, which we cannot do. The evidence is sufficient to sustain L.C.'s adjudication.

## II. Ineffective Assistance of Counsel

[10] L.C. argues that his trial counsel was ineffective. Generally, to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both

that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *cert. denied*. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

[11] The State responds that the *Strickland* Sixth Amendment right to counsel discussion and, thus, the ineffective assistance of counsel standard are inapplicable in juvenile delinquency adjudications. The State points out that juvenile delinquency adjudications are civil in nature and argues that the Sixth Amendment right to counsel is inapplicable. *See* Appellee's Br. pp. 17-18 (citing *T.K. v. State*, 899 N.E.2d 686 (Ind. Ct. App. 2009); *McKeiver v. Pennsylvania*, 403 U.S. 528 (1971)); *see also A.S. v. State*, 923 N.E.2d 486, 489 (Ind. Ct. App. 2010) ("Post-conviction procedures are not available to challenge a juvenile delinquency adjudication, which is civil in nature."). Rather, according to the

State, a juvenile's right to counsel is statutory, *see* Indiana Code Section 31-32-2-2 and Indiana Code Section 31-32-4-1, and a Fourteenth Amendment due process analysis is applicable. However, in *S.T. v. State*, 764 N.E.2d 632 (Ind. 2002), our supreme court applied the *Strickland* ineffective assistance of counsel standard in a juvenile delinquency adjudication. Given *S.T.*, we will likewise apply the *Strickland* standard here.

[12] L.C. first argues that his trial counsel was ineffective for failing to cross-examine A.B. According to L.C., his trial counsel should have cross-examined A.B. regarding the concealment of the pills, who had given the pills to L.C., and the time frame in which L.C. received the pills. Generally, ineffective assistance of counsel claims in this context are presented through an Indiana Trial Rule 60(B) motion for relief from judgment, which would allow the juvenile to present evidence. Here, however, L.C. makes the claim on direct appeal of his conviction. *See J.A. v. State*, 904 N.E.2d 250, 254 (Ind. Ct. App. 2009), *trans. denied*. We do not know trial counsel's reasons for not cross-examining A.B., how A.B. would have answered the proposed cross-examination questions, or how the evidence would have been helpful to L.C. We simply cannot say that L.C.'s trial counsel was deficient or that L.C. was prejudiced based on the record presented to us.

[13] L.C. next argues that his trial counsel was ineffective for failing to present his own testimony at the fact-finding hearing. L.C. contends that any possible strategic reason for trial counsel's failure to present his testimony was "ruled out by his use of it in determining the acceptance of the admission and in the

dispositional hearing." Appellant's Br. p. 17. As the State points out, "For all that can be known from this record, it is entirely possible that Respondent told his attorney he was not going to testify." Appellee's Br. p. 25. Given the limited record presented to us, we cannot say that L.C.'s trial counsel was deficient or that L.C. was prejudiced by the alleged deficiency.

[14] Next, L.C. argues that his trial counsel was ineffective for failing to call his mother as a witness. L.C.'s mother testified at the dispositional hearing that she saw the pills and thought they were an over-the-counter pill. L.C. argues that his mother's testimony would have made it more credible that he did not believe the pills required a prescription. However, whether L.C.'s mother thought the pills required a prescription is not relevant to whether L.C. knew they required a prescription. L.C. has failed to demonstrate that the testimony would have been helpful to him or that he was prejudiced by his trial counsel's decision not to present the testimony during the fact-finding hearing.

[15] Finally, L.C. argues that his trial counsel was ineffective for failing to argue that the State had not proven the element of knowledge. According to L.C., his trial counsel "never argued that the State had failed to prove that [L.C.] knew that the pills were unlawful to possess without a prescription." Appellant's Br. p. 18. We have held that the evidence was sufficient to prove L.C. was aware of a high probability that the pills were illegal to possess without a prescription. L.C. cannot demonstrate that he was prejudiced by trial counsel's alleged deficiency in failing to argue the element of knowledge.

# Conclusion

The evidence is sufficient to sustain L.C.'s adjudication, and L.C. has failed to prove that his trial counsel was ineffective. We affirm.

Riley, J., and Bailey, J., concur.