## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 7:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan K. Wilson
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.J.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

July 30, 2019

Court of Appeals Case No.
19A-JV-215

Appeal from the
Delaware Circuit Court

The Honorable
Kimberly S. Dowling, Judge
The Honorable
Amanda Yonally, Magistrate

Trial Court Cause No.
18C02-1809-JD-116

**Kirsch, Judge.**

[1] M.J. appeals his placement with the Indiana Department of Correction ("DOC") following his admission to theft,[1] which would be a Class A misdemeanor if committed by an adult. M.J. raises the following restated issue for our review: whether placement in DOC was an abuse of discretion because it prevents him from completing his HSE program and obtaining employment to support his newborn child.

[2] We affirm.

## Facts and Procedural History

[3] On August 8, 2018, M.J. was placed on Electronic House Arrest and was required to wear an electronic ankle bracelet as a result of a separate delinquency adjudication under a different cause number. *Appellant's App. Vol. II* at 3. On August 14, 2018, M.J. cut off his ankle bracelet and broke the terms of his house arrest. *Tr. Vol. I* at 8.

[4] On September 20, 2018, the State filed a delinquency petition alleging that M.J. committed escape, which would be a Level 6 felony if committed by an adult, and theft, which would be a Class A misdemeanor if committed by an adult due to M.J. cutting of his ankle bracelet. *Appellant's App. Vol. II* at 2. At the October 9, 2018 initial hearing, M.J. admitted to committing theft as a Class A misdemeanor. *Tr. Vol. I* at 9. M.J. admitted that he knew he was not supposed

---

[1] *See* Ind. Code § 35-43-4-2(a).

to cut off his ankle bracelet or take it off of his person. *Id.* at 8. Count I, escape, was dismissed. *Id.* at 10.

[5]   On January 9, 2019, the juvenile court held a dispositional hearing. *Tr. Vol. II* at 2. At the hearing, Stacy Bell ("Bell"), M.J.'s probation officer, testified as to her recommendation that M.J. should be incarcerated in DOC. *Id.* at 7. Bell explained that commitment to DOC was necessary because M.J. had a low likelihood of appearing at subsequent proceedings, M.J. was a threat to himself and the community, and the likelihood was low that M.J. would accept treatment offered. *Id.* at 5. Bell also informed the juvenile court of M.J.'s criminal history, which included: a pending charge of illegal consumption as a Class C misdemeanor if committed by an adult; a delinquency adjudication for what would be robbery as a Level 3 felony if committed by an adult; the current case; and a pending case for battery as a Class A misdemeanor if committed by an adult. *Id.* at 6-7; *Appellant's App. Vol. II* at 23, 28. Bell further explained that M.J. frequently ran away and remained a flight risk. *Tr. Vol. II* at 6; *Appellant's App. Vol. II* at 40. She mentioned that on one occasion when M.J. ran away, he was driving and got in a serious car accident that resulted in his hospitalization. *Tr. Vol. II* at 6. Later, M.J. ran away again and wrecked his father's truck. *Id.* at 7. Bell concluded that M.J. demonstrated "criminal thinking errors" and that commitment to DOC would rehabilitate these errors. *Id.*

[6]   The juvenile court issued its findings on January 11, 2019. *Appellant's App. Vol. II* at 38-40. The court found that M.J. had "failed less restrictive attempts at intervention and continues to commit delinquent acts." *Id.* at 40. The court

further found that M.J. engages in behavior that puts himself and his community at risk. *Id.* The juvenile court concluded that M.J. was "beyond rehabilitation within the community resources" and ordered that M.J. be committed to DOC. *Id.* M.J. now appeals his commitment to DOC.

## Discussion and Decision

[7] In making this claim, M.J. argues that M.J.'s sentence is inappropriate under Indiana Appellate Rule 7(B) because placement with local detention was a more appropriate remedy and that placement with DOC will prevent him from completing his high school education, supporting his child, and securing a job. He also argues that the standard of review for this case is whether his sentence is inappropriate. M.J. is incorrect. The correct standard is whether the trial court abused its discretion. *T.K..*, 899 N.E.2d at 678. Because juvenile proceedings are civil in nature, Indiana Appellate Rule 7 does not apply to juvenile dispositions. *T.K. v. State*, 899 N.E.2d 686, 687-88 (Ind. Ct. App. 2009). Furthermore, the commitment of a juvenile is not a sentence. *Jordan v. State*, 512 N.E.2d 407, 408 (Ind. Ct. App. 1987).

[8] "A juvenile court is accorded 'wide latitude' and 'great flexibility' in its dealings with juveniles." *J.T. v. State,* 111 N.E.3d 1019, 1026 (Ind. Ct. App. 2018) (citing *J.S. v. State*, 881 N.E.2d 26, 28 (Ind. Ct. App. 2008)). The choice of a specific disposition of a juvenile adjudicated as a delinquent child is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion. *Id.* "The juvenile court's discretion

in determining a disposition is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least-harsh disposition." *Id.* An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it. *Id.*

[9] The goal of the juvenile process is rehabilitation rather than punishment. *Id.* "'Accordingly, juvenile courts have a variety of placement choices for juveniles who have delinquency problems, none of which are considered sentences.'" *Id.* (quoting *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct. App. 2010)). Indiana Code section 31-37-18-6(1)(A) states that "[i]f consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that is in the least restrictive (most family like) and most appropriate setting available." "[T]he statute recognizes that in certain situations the best interest of the child is better served by a more restrictive placement." *J.S.*, 881 N.E.2d at 29 (citing *K.A. v. State*, 775 N.E.2d 382, 387 (Ind. Ct. App. 2002), *trans. denied*). The law requires only that the disposition selected be the least restrictive disposition that is "consistent with the safety of the community and the best interest of the child." *J.T.*, 111 N.E.3d at 1026 (citing *D.S. v. State*, 829 N.E.2d 1081, 1085 (Ind. Ct. App. 2005)).

[10] This case arises from M.J.'s delinquent behavior while on house arrest for another adjudication. His delinquency record includes a pending charge of illegal consumption as a Class C misdemeanor if committed by an adult, an adjudication of robbery as a Level 3 felony if committed by an adult, the current

case, and a pending charge of battery as a Class A misdemeanor if committed by an adult. *Appellant's App. Vol. II* at 23, 28. M.J. has been afforded many rehabilitative programs: formal probation; home detention; outpatient counseling; family counseling; residential treatments; and drug screens. *Id.* at 40. Despite these programs, M.J. frequently ran away from home and remained a flight risk and at a high risk to reoffend. *Id.* at 27-28.

[11] M.J. argues that a placement at a local detention facility would have been more appropriate since Bell, his probation officer, conceded to local detention if the juvenile court did not place M.J. in DOC. However, even if a less restrictive alternative exists, the juvenile court is not obligated to choose that alternative. *D.C. v. State*, 935 N.E.2d 290, 292 (Ind. Ct. App. 2010) ("[T]he availability of a less restrictive alternative does not mean the juvenile court was required to order that placement."), *aff'd on trans.*, 958 N.E.2d 757 (Ind. 2011). Indiana Code section 31-37-18-6 states that the trial court is only required to consider the least restrictive placement *if* that placement comports with the safety needs of the community and the child's best interests. *See J.B. v. State*, 849 N.E.2d 714, 717-18 (Ind. Ct. App. 2006) (concluding that the trial court did not abuse its discretion when it committed the juvenile to the DOC because the less-restrictive placement suggested by him would have fallen short of meeting the community's safety needs), *trans. denied.*

[12] Here, the juvenile court found that M.J. was "beyond rehabilitation within the community resources." *Appellant's App. Vol. II* at 40. M.J. had participated in many less restrictive rehabilitation services, but none of these services

rehabilitated M.J.'s delinquent behavior  Even though placement in a local facility was available, it was within the juvenile court's discretion to order placement in DOC because of M.J.'s failure to reform his delinquent behavior. M.J. remained a risk to himself and the safety of his community, and the juvenile court did not abuse its discretion.

[13]   M.J. further argues that placement in DOC will delay his completion of his HSE program and will prevent his ability to get a job.  M.J. claims that he has a job and wants to support his newborn child.  While we sympathize with M.J.'s desire to provide for his child, M.J. has exhausted his other options of rehabilitation.  *See D.S. v. State*, 829 N.E.2d 1081, 1086 (Ind. Ct. App 2005) (holding that when a juvenile exhausts less restrictive rehabilitation efforts, the juvenile court does not abuse its discretion in committing the juvenile to DOC). M.J.'s commitment to DOC was the only remaining rehabilitative option; thus, it was not an abuse of discretion by the juvenile court to order commitment.

[14]   We conclude that the juvenile court did not abuse its discretion in ordering placement in DOC.  M.J. had ample opportunities to reform his behavior, yet he remains a risk to himself and his community.  M.J. has exhausted all less restrictive attempts of rehabilitation.  Further, he is a flight risk and is at a high risk to reoffend.  It was not an abuse of discretion by the juvenile court to order placement in DOC as that placement is consistent with the safety of the community and the best interests of M.J.  *See* Ind. Code § 31-37-18-6(A).

[15]   Affirmed.

Vaidik, C.J., and Altice, J., concur.